WAGG-ANDERSON WOOLEN COMPANY, Respondent, vs. FINKEL-
STEIN, Appellant.

*January 13 — February 2, 1900.*

*Vacation of judgments on cognovit: Laches.*

In the absence of a showing that the claim on which a judgment
note was founded has been paid or settled, or of any adequate
excuse for delay, the judgment entered thereon ought not to be
vacated, where defendant had neglected to prosecute proceedings
to demonstrate its supposed inequity which had been pending for
five years.

APPEAL from an order of the superior court of Milwaukee
county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

This is an appeal from an order dismissing certain pro-
ceedings to open a default judgment, and reinstating the
judgment in full force. The facts shown by the record are
that on January 31, 1894, a judgment for $364.78 and costs,
upon a judgment note, was entered in the circuit court for
Milwaukee county in favor of plaintiff against the defend-
ant. The judgment note was apparently dated September
21, 1893, and due one day after date. Execution was im-
mediately issued upon the judgment, and the defendant's
stock of merchandise levied upon; and later, upon the same
day, as a result of negotiations between the parties, *Finkel-
stein* gave a bill of sale to the plaintiff of his stock of mer-
chandise as security for the claim, but the plaintiff did not
take possession of the stock. On the 12th of February, 1894,
an application was made to the court by the defendant, based
upon affidavits alleging a material alteration of the judg-
ment note and a lack of consideration therefor, but no an-
swer was served with the affidavits. Upon the hearing of
this application, counter affidavits were served, and an order
was finally made that an issue be framed between the par-
ties as to the validity and *bona fides* of the note, and that

until the trial of that issue the plaintiff's judgment remain as security for any judgment it might thereafter obtain. A few days afterward the sheriff of Milwaukee county seized the property upon another execution against the defendant, and while he was holding the property under that seizure the plaintiff, having caused its own levy to be released, demanded the goods of the sheriff under its bill of sale, but the sheriff refused to deliver over the goods. The plaintiff then sued the sheriff for the possession of the goods, but was defeated in the action because its bill of sale had never been filed. *Wagg-Anderson W. Co. v. Dunn,* 92 Wis. 409. No further steps were taken by the defendant to frame an issue and bring the same to trial for more than five years, after the expiration of which time the plaintiff moved to dismiss the defendant's proceedings on the ground of failure to prosecute the same. Upon the hearing of this motion the defendant served a proposed answer, setting up the alleged fraudulent alteration and lack of consideration of the note, together with affidavits tending to support such claims; but the court dismissed the proceedings, and reinstated the judgment in full force.

For the appellant there was a brief by *W. J. & J. H. Turner,* and oral argument by *W. J. Turner.*

For the respondent the cause was submitted on the brief of *Winkler, Flanders, Smith, Bottum & Vilas.*

WINSLOW, J. By neglecting to prosecute his proceedings to litigate the validity of the judgment note for a period of five years, the defendant indicated very clearly either that he had abandoned his claim, or that it was unfounded in the beginning. There is nothing to show that the claim has been paid or settled, nor is any adequate excuse given for such unreasonable delay. Parties obtaining the privilege of opening and contesting a judgment should act with diligence, if they would convince the court that they are acting

in good faith.   A judgment ought not to be suspended for years without a move being made to demonstrate its supposed inequity.   The court exercised a wise discretion in dismissing the proceedings.

. *By the Court.*— Order affirmed.